UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **HARVEY WATTS** | **CIVIL ACTION NO. 07-0357** |
| **VS.** | **SECTION P** |
| **RICHWOOD CORRECTIONAL CENTER** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on February 23, 2007, by *pro se* plaintiff Harvey Watts. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Forcht Wade Correctional Center, Keithville, Louisiana, but he complains that he was denied prompt and adequate medical attention while he was incarcerated at the Richwood Correctional Center, Monroe, Louisiana on December 23, 2006. He names Richwood's Security and Medical Departments as defendants and prays for compensatory damages of $50,000 for the defendants' "...negligence in treating my medical emergency..."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

Harvey Lee Watts, LDOC inmate #98960, was an inmate at the Richwood Corrections Center on December 23, 2006. On that evening he began to feel dizzy and experienced a "loose feeling in the entire side ..." of his body. Sergeant Skinner and two inmates escorted plaintiff to Richwood's medical department. Skinner attempted to obtain plaintiff's blood pressure and

advised plaintiff upon completion that plaintiff's blood pressure was 188/124.  He then advised plaintiff that the reading was "normal" and plaintiff was returned to his dormitory with instructions to lay down.  Skinner returned 45 minutes later and noticed that plaintiff's condition had deteriorated.  Skinner advised plaintiff that he was in the process of attempting to contact someone from the Richwood medical department; however, his efforts had thus far proven unsuccessful.

At 7:00 a.m. on the following day, December 24, plaintiff complained about his "struggle and suffering" throughout the previous evening.  As a result, he was transported to E. A. Conway Hospital where it was determined that he had suffered a stroke.

Plaintiff claims that the medical department "... was negligent in its failure to treat..." him and was also negligent for its failure to "...have personnel at the facility to treat..." his condition.  Plaintiff prays for a complete investigation of the medical and security procedures at the facility.  He prays also that he be compensated in the amount of $50,000 for "...negligence in treating [his] medical emergency..."

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). In addition, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint provides the specifics of his theory of liability with respect to the defendants. Plaintiff's complaint alleges that the defendants were negligent in diagnosing and treating his stroke symptoms. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that his complaint is frivolous and should be dismissed.

## 2. Medical Care

Plaintiff claims that he was denied adequate medical care on December 23, 2006.

Medical care claims asserted by convicted prisoners, like Plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur.  *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference."  *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied).  Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm."  *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).  The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs.  See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. Plaintiff has not shown that anyone at RCC was aware of facts from which an inference of substantial risk of serious harm could be drawn.  Further, even if he had made such a showing, he has failed to show that anyone actually drew such an inference and that their response to his

complaints indicated that they subjectively intended that harm occur to him. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

In addition, whether Sergeant Skinner, for example, "should have perceived" a risk of harm to plaintiff, but did not, is of no moment since "...the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

Plaintiff's allegations of fact have been accepted as true for the purposes of this Report. The complaint reveals that on each occasion that plaintiff complained about a medical condition to the defendants, he was afforded some medical treatment.[1]

Plaintiff, of course, disagrees with the original diagnosis made by Sergeant Skinner and the efficacy of the initial treatment provided; however, his disagreement with diagnosis and treatment is insufficient to state a claim for deliberate indifference. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). Finally, plaintiff's theories of liability with respect to each defendant are also fatal to his claims.[2]

In short, the facts alleged herein, taken as true for the purposes of this Report, do not establish that the defendants were deliberately indifferent to a serious medical need. Plaintiff's

---

[1] As shown above, as soon as plaintiff alerted official of his symptoms (dizziness and a "loose feeling"), he was escorted to the medical department; Sergeant Skinner obtained a blood pressure reading and attempted to contact medical staff. Plaintiff remained in the medical department for 45 minutes before he was returned to his bed and directed to lay down. When trained medical staff arrived on the scene at 7:00 a.m., plaintiff was immediately transported to a nearby hospital for examination and treatment.

[2] Plaintiff faults the defendants for "negligence." But, as shown above, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459.

claims are therefore frivolous and dismissal on that basis is recommended.

### *3. Juridical Persons*

Plaintiff has named the medical and security departments of the Richwood Corrections Center as defendants. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether these defendants have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

The Richwood Correctional Center is apparently a juridical entity. According to the records of the Louisiana Secretary of State, the Richwood Correctional Center is a limited liability company authorized to do business in the State of Louisiana. [See http://www.sos.louisiana.gov/cgibin?rqstyp=crpdtlC&rqsdta=34847803K] Nevertheless, neither the "medical department" nor the "security department" have juridical status. Plaintiff's suit against these non-juridical entities is patently frivolous, and dismissal on that basis is appropriate. Accordingly,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 9th day of April, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE